**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL DUANE FERGUSON,        )<br>                                                            )<br>                        Plaintiff,        )<br>        vs.                                              )        2:04-cv-101-RLY-WGH<br>                                                            )<br>CRAIG HANKS, Superintendent,       )<br>JACKIE CHAMBERS, Correctional Officer,  )<br>                                                            )<br>                        Defendants.    ) | |

**Entry Discussing Motion for Summary Judgment**

This cause is before the court on civil rights complaint of Michael Duane Ferguson, who was formerly confined at the Wabash Valley Correctional Facility, on the motion for summary judgment filed by the defendants, and on Ferguson's response to the motion for summary judgment. The defendants are Wabash Valley Superintendent Craig Hanks and Correctional Officer Jackie Chambers.

For the reasons explained in this Entry, the defendants motion for summary judgment is **granted in part and denied in part.**

**I.**

Defendant Chambers is alleged to have used constitutionally excessive force against Ferguson by attacking him on April 15, 2004.

When brutality by prison employees is alleged, the question is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Wilkins v. Moore,* 40 F.3d 954, 958 (8th Cir. 1994) (citing *Whitley,* 475 U.S. at 320-21; *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S. Ct. 995 (1992)).

The accounts of Chambers and of Ferguson of the incident on April 15, 2004, are at odds with respect to whether constitutionally excessive force was used. The question of fact posed in these circumstances precludes the resolution of Ferguson's claim against Chambers claim through the entry of summary judgment, which is not a procedure for resolving a swearing contest. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *see also Cameron v. Frances Slocum Bank & Trust Co.,* 824 F.2d 570, 575 (7th Cir. 1987) ("On summary judgment, a court can neither make a choice between competing inferences nor make a credibility determination."). Chamber's motion for summary judgment is therefore **denied.**

Ferguson's claims against Superintendent Hanks are that Hanks intentionally failed to act on Ferguson's complaints regarding the alleged assault by Chambers and placed Ferguson in administrative hold during the investigation into the alleged assault by Chambers.

The first claim against Superintendent Hanks is that he took no action or action Ferguson found inadequate or unsatisfactory after being informed by Ferguson that he had been assaulted by Chambers.

The failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996). Thus, this claim against Superintendent Hanks fails as a matter of law, because the premise of this claim simply does not support a constitutional violation. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

Ferguson's second claim is that he should not have been placed in an administrative "hold" during the investigation into the alleged assault by Chambers. *Lekas v. Briley,* 405 F.3d 602, 607 (7th Cir. 2005), which is among the most recent of a parade of decisions applying the due process paradigm shift in *Sandin v. Conner,* 515 U.S. 472, 484-86 (1995), which affirms that "'[a] prisoner has no liberty interest in remaining in the general population.'" (quoting *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995)). Ferguson's placement on an administrative hold, whether it was a physical relocation or simply an adjustment in his routine and the programming in which he could engage, did not implicate a due process interest under the Fourteenth Amendment.

Superintendent Hanks' motion for summary judgment is therefore **granted.**

### III.

Summary judgment is granted for Superintendent Hanks and against Ferguson as to the claims against Hanks. The motion for summary judgment is denied as to Ferguson's claim against Officer Chambers. No partial final judgment shall issue at this time as to the resolution of the claim against Superintendent Hanks.

**IT IS SO ORDERED.**

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael Duane Ferguson
DOC #866397
Miami Correctional Facility
P.O. Box 900
Bunker Hill, IN    46914

Shannon Bogard
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770