**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL DUANE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:04-cv-101-RLY-WGH |
| ) | |
| JACKIE CHAMBERS, Correctional Officer, ) | |
| ) | |
| Defendant. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's motion for default judgment filed on September 22, 2004, is **denied.** The reason for this ruling is that at the time such motion was filed defendant Chambers had not been served with process and had not waived such service. The consequence of this is that at that point the court had not acquired jurisdiction over defendant Chambers. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). Without acquiring jurisdiction over defendant Chambers, this defendant's obligation to answer the complaint was not triggered and he was not in default. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

2. The plaintiff's motion to produce filed on May 19, 2005, is a routine discovery request. As such, no ruling is required.

3. The plaintiff's motion to appoint counsel filed on June 17, 2005, has been considered. The plaintiff is within the spectrum of "most indigent parties," because he has had a meaningful opportunity to present his claim, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by his claim are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). The plaintiff has shown himself to be familiar with the facts of his case. His claim against one of the defendants has survived a motion for summary judgment. Under these circumstances, the plaintiff's request for the appointment of counsel is **denied** to the extent that the court will not make an outright request that counsel represent the plaintiff at this juncture. As the case proceeds, however, the court will be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and *pro se* status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the court in the presentation of the case.

4. The defendants' motion for clarification filed on June 23, 2005, is **granted,** consistent with the following:

   a. The defendants need not provide the address and phone number of defendant Chambers.

   b. With respect to the request for production entered on the docket as item #62, **the clerk will provide the plaintiff with a copy of docket items #44, 47, 48, 53, 54, 57, and 58.**

   c. The defendants need not supply the plaintiff with any of the materials specified in paragraph 4.b. of this Entry.

5. The plaintiff's motion to compel filed on July 5, 2005, is **denied** to the extent that he seeks to have the defendants required to cause a transcript of a certain tape recording to be made. Defendant Chambers shall have **through August 25, 2005,** in which to respond to other portions of the motion to compel.

**IT IS SO ORDERED.**

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date: 08/01/2005

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Copies to:

Michael Duane Ferguson
DOC #866397
Miami Correctional Facility
P.O. Box 900
Bunker Hill, IN   46914

Shannon Bogard
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770